IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2012 JUL 12 AM 11:42
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| JOHN R. CORBIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| KLOSTERMAN BAKING COMPANY and KBI, INC., | ) 1:12-cv-0951 SEB-DML |
| Defendants. | ) |

### COMPLAINT

### Demand for Jury Trial

Comes now Plaintiff, John R. Corbin, by counsel, and for his Complaint against Defendants states:

**Jurisdiction and Venue**

1. This Complaint raises federal questions, and this Court has jurisdiction over this Complaint by virtue of 28 U.S.C. §1331 and 42 U.S.C. §12101 *et seq.* (Americans with Disabilities Act, as amended by the ADA Amendments of 2008). This Court has supplemental jurisdiction to hear and decide Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

2. Defendant KBI, Inc. is a for-profit domestic corporation that does business in Morristown, Shelby County, Indiana, as a bakery primarily providing buns to McDonald's restaurants in Indiana, Kentucky, Tennessee, Ohio, and Illinois. Defendant KBI, Inc. is a wholly-owned subsidiary of Defendant Klosterman Baking Company, a

for-profit foreign corporation headquartered in Cincinnati, Ohio. Defendants are hereinafter referred to *jointly* as "KBI."

3. Plaintiff is a citizen of the United States and a resident of the State of Indiana, currently residing in Sulphur Springs, Henry County, Indiana.

**Facts**

4. Plaintiff was employed by KBI in the position of Driver/Delivery person beginning in March of 2001, and at all times performed his job duties satisfactorily.

5. During his employment with KBI, Plaintiff suffered from medical conditions, including but not limited to carpal tunnel syndrome in both wrists.

6. In March of 2011, Plaintiff advised KBI's Human Resources Representative, Natalie Atwood, that he needed to file a worker's compensation claim for his carpal tunnel syndrome. She refused to provide the paperwork and told him that "they do not acknowledge carpal tunnel as a work-related injury."

7. Despite the fact that KBI refused to provide worker's compensation paperwork, Plaintiff, through legal counsel, filed for worker's compensation coverage for his carpal tunnel syndrome. Coverage was awarded to him in November of 2011.

8. Plaintiff had surgery for carpal tunnel syndrome on both wrists in separate surgeries in December of 2011.

9. Plaintiff's supervisors, including Kevin Carlton and Plant Manager Todd Crowe, along with Human Resources Representative Atwood, met with Plaintiff in December of 2011, between the time of Plaintiff's first and his second carpal tunnel surgery. At that meeting, Mr. Carlton, Mr. Todd and Ms. Atwood appeared to be angry with Plaintiff because of his disability and because he was pursuing a claim for worker's

compensation, particularly when they discovered that he had a second carpal tunnel surgery scheduled. Mr. Todd stated that Plaintiff should not have "sued for work comp."

10. On January 12, 2012, Plaintiff returned to work for KBI at a "light-duty" position.

11. Plaintiff took scheduled vacation beginning on January 22, 2012.

12. Plaintiff confirmed with supervisor Ron Bayes that he was leaving on his scheduled vacation and no one told him that the schedule was incorrect. The schedule showing that Plaintiff's vacation was to commence on January 22, 2012 was posted in the supervisors' office.

13. Plaintiff's employment was terminated on January 24, 2012. KBI advised Plaintiff that he was being terminated for being absent from work beginning on January 22, 2012. The alleged reason for the termination was not legitimate.

14. Plaintiff has exhausted administrative remedies in that he has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Right-to-Sue.

**Violations of the ADA**

15. KBI is a "covered entity" and an "employer" as those terms are defined in 42 U.S.C. §12111(2) and (5).

16. Plaintiff is an "employee" and a "qualified individual with a disability" as those terms are defined in 42 U.S.C. §12111(5) and (8).

17. Plaintiff's medical conditions, singly or in combination, constitute a "disability" as that term is defined in 42 U.S.C. § 12102.

18. Plaintiff was also "regarded" by KBI as having a disability under 42 U.S.C. § 12102(2).

19. Plaintiff could have continued to perform the essential functions of his position with reasonable accommodation.

20. KBI unlawfully terminated Plaintiff's employment based upon discrimination due to his disability in violation of 42 U.S.C. §12112(a).

21. The alleged reasons for termination provided by KBI were a pretext for unlawful employment discrimination.

22. KBI unlawfully terminated Plaintiff's employment because of his disability, because it regarded him as too disabled to perform his job, and/or because it did not want to provide him with a reasonable accommodation of his disability.

23. KBI's violations of the ADA have caused Plaintiff to suffer damages.

24. The violations of the ADA by KBI were intentional, willful, oppressive and in bad faith.

25. The unlawful conduct by KBI was with malice or reckless indifference to the federally protected rights of Plaintiff.

## State Law Claim

26. Indiana's Worker's Compensation Act, Ind. Code § 22-3-2-2 et seq., creates a duty in the employer to compensate employees for work-related injuries, and a right in the employee to receive such compensation.

27. Indiana public policy prohibits penalizing employees for filing worker's compensation claims.

28. An at-will employee in Indiana who is discharged for exercising his statutory right to file for worker's compensation has a cause of action for retaliatory discharge.

29. Plaintiff was discharged by KBI for filing one or more claims for worker's compensation in violation of Indiana law.

## Relief Sought

Plaintiff seeks the following relief:

a. Back pay and front pay;

b. Damages for lost benefits;

c. Other compensatory damages;

d. Punitive damages;

e. Interest;

f. Damages for emotional distress;

g. Attorney fees and costs; and

h. Other relief as is just and proper.

## JURY TRIAL

Plaintiff requests trial by jury in the above cause of action.

Respectfully submitted,

Mary Jane Lapointe
Attorney #13706-53

Daniel Lapointe Kent
Attorney #27197-49

LAPOINTE LAW FIRM, P.C.
One North Pennsylvania Street
Suite 730
Indianapolis, IN 46204
317-829-5870
317-829-5871 (fax)
maryj@lapointelawfirm.com
dkent@lapointelawfirm.com